JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAMILE KAROUT

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

## DEFENDANTS

PUBLICIS HEALTH MEDIA, LLC

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
      THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1981, PHRA, TITLE VII

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
10/07/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire

Digitally signed by Sidney L. Gold, Esquire
Date: 2021.10.07 11:52:56 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1330 N. 26th Street, Philadelphia, Pennsylvania 19121 _____

Address of Defendant: _____ 100 Penn Square East, 11th Floor, Philadelphia, Pennsylvania 19107 _____

Place of Accident, Incident or Transaction: _____ 100 Penn Square East, 11th Floor, Philadelphia, Pennsylvania 19107 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year     Yes ☐    No ☑
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit     Yes ☐    No ☑
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier     Yes ☐    No ☑
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights     Yes ☐    No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/07/2021_     _/s/ Sidney L. Gold, Esq._     _21374_
                               *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| | |
|---|---|
| **A.** **Federal Question Cases:** | **B.** **Diversity Jurisdiction Cases:** |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☑ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases | |
| *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _SIDNEY L. GOLD, ESQUIRE_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _10/07/2021_     _/s/ Sidney L. Gold, Esq._     _21374_
                               *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMILE KAROUT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| PUBLICIS HEALTH MEDIA, LLC | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 10/07/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMILE KAROUT, | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PUBLICIS HEALTH MEDIA, LLC, | : | |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

## I.      PRELIMINARY STATEMENT:

1.      This is an action for an award of damages, attorney's fees and other relief on behalf of Plaintiff, Jamile Karout ("Plaintiff Karout"), a former employee of Defendant, Publicis Health Media, LLC ("Defendant"), who was harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action arises under 42 U.S.C. §1981 ("§1981"), the Pennsylvania Human Relations Act ("PHRA"), and 43 P.S. § 951, et seq, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. § 1981 (a) ("Title VII").

## II.     JURISDICTION AND VENUE:

3.      The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Karout's claims are substantively based on §1981 and Title VII, and a substantial part of the events giving rise to Plaintiff Karout's claims occurred in this district.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 to consider Plaintiff Karout's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Karout has satisfied all jurisdictional prerequisites to the maintenance of this action. On July 9, 2021, a Notice of Right to Sue notice was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

III.     **PARTIES:**

6.     Plaintiff, Jamile Karout ("Plaintiff Karout") is a citizen of the Commonwealth of Pennsylvania, residing therein at 1330 N. 26th Street, Philadelphia, Pennsylvania 19121.

7.     Defendant, Publicis Health Media, LLC ("Defendant"), is a corporation maintaining a place of business at 100 Penn Square East, 11th Floor, Philadelphia, Pennsylvania 19107.

8.     At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant has been a "person" and "employer" as defined under §1981, Title VII, and the PHRA, and accordingly is subjected the provisions of each said Act.

## IV.     STATEMENT OF CLAIMS:

10.     Plaintiff Karout, a thirty-six (36) year old female, was employed by the Defendant from on or about February 20, 2018 until on or about April 19, 2019, the date of her unlawful termination.

11.     Throughout her tenure of employment, Plaintiff Karout held the position of Associate Director of Business Intelligence, and at all times maintained a satisfactory job performance rating in said capacity.

12.     Upon commencing employment, the Defendant assigned Plaintiff Karout to one client account, Gilead. By way of background, Gilead retained The Defendant to create advertising for an HIV drug, specifically targeting minority and LGBTQ communities. As Plaintiff Karout is a member of both communities, Plaintiff Karout endeavored to offer her perspective and input to enhance the advertising efforts of the said account.

13.     Importantly, Plaintiff Karout was the sole Queer African American employee on the Gilead account team.

14.     During Plaintiff Karout's assignment to the Gilead account, Plaintiff Karout voiced her opposition to the Defendant's harmful stereotyping of each such community in its targeted advertising. However, the Defendant consistently dismissed Plaintiff Karout's ideas, and refused to incorporate her insights into the project.

15.     As evidence of the Defendant's discriminatory bias, Laura Hitchings ("Hitchings"), Media Supervisor, stated during a Gilead team meeting that "black men weren't able to accept their sexual health risk", perpetuating a harmful stereotype of

homosexual African American men. Plaintiff Karout immediately protested Hitchings' discriminatory stereotyping.

16.     On or about August 2018, the Defendant removed Plaintiff Karout from the Gilead account, allegedly due to the "sensitive nature" of the Defendant's relationship with the client. Plaintiff Karout believes and avers that the articulated reason for her removal was pretextual and that the Defendant actually removed Plaintiff Karout from the account due to her race and/or sexual orientation, and/or in retaliation for Plaintiff Karout's protestations to The Defendant's racial and gender stereotyping.

17.     As a result of Plaintiff Karout's removal from the Gilead account, Irene Coyne ("Coyne"), a Senior Vice President, instructed Plaintiff Karout to "stay in [her] lane" during a business meeting, evidencing her discriminatory bias toward Plaintiff Karout based on her race and/or sexual orientation.

18.     As further evidence of discrimination, the Defendant stated in Plaintiff Karout's annual 2018 review that Plaintiff Karout was "combative, aggressive and unwilling to compromise," and requested that she "passively listen in meetings" in an "approachable and respectful manner". Plaintiff Karout believes and avers that the said comments were based on stereotypes of African American women and did not reflect Plaintiff Karout's performance.

19.     In or about February of 2019, Kate Gatusso ("Gatusso") became Plaintiff Karout's direct supervisor and perpetuated the ongoing campaign of discrimination against Plaintiff Karout based on her race and/or sexual orientation.

20.     By way of example, on or about March 21, 2019, the Defendant, through John Cortese ("Cortese") and Gatusso issued Plaintiff Karout an unjustified performance improvement plan ("PIP").

21.     On or about March 27, 2019, Plaintiff Karout registered a complaint of discrimination with Cortese and Gatusso regarding the issuance of the PIP. Cortese and Gatusso failed and refused to investigate Plaintiff Karout's complaints or cause the discriminatory treatment to cease.

22.     On or about April 1, 2019, Plaintiff Karout registered another complaint of discrimination with Dave Nussbaum ("Nussbaum"), Senior Vice President. Plaintiff Karout further expressed her concerns about the unjustified PIP and Gatusso's discriminatory behavior. Nussbaum agreed that the PIP was an example of an ongoing discriminatory campaign against Plaintiff Karout based on her race and/or sexual orientation.

23.     On or about April 11, 2019, Plaintiff Karout registered another complaint of discrimination with Alaina Megill ("Megill"), HR Director. Plaintiff Karout stated her belief that the PIP was unjustifiably issued for discriminatory and/or retaliatory purposes.

24.     Immediately thereafter, on or about April 19, 2019, the Defendant abruptly terminated Plaintiff Karout, allegedly due to performance issues and "misconduct." Importantly, Plaintiff Karout was never disciplined for any alleged "misconduct" during her tenure.

25.     Plaintiff Karout believes and avers that the articulated reason for her termination was pretextual and that the Defendant actually terminated her employment

based on her race (African-American) and/or her sexual orientation and/or in retaliation for opposing unlawful discrimination in the workplace.

## COUNT I
### (42 U.S.C. §1981 – Race Discrimination, Retaliation)
### Plaintiff Karout vs. Defendant

26.     Plaintiff Karout incorporates by reference paragraphs 1 through 25 of her Complaint as though fully set forth at length herein.

27.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Karout to discrimination on the basis of her race (African-American) and retaliation for reporting unlawful race discrimination in the workplace, constituted violations of 42 U.S.C. §1981.

28.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff Karout sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

29.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff Karout suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(PHRA-Race Discrimination, Sex Discrimination, Retaliation)**
**Plaintiff Karout v. Defendant**

30.     Plaintiff Karout incorporates by reference paragraphs 1 through 29 of her Complaint as though fully set forth at length herein.

31.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Karout to discrimination because of her race (African-American), sex and/or sexual orientation and/or failure to conform to sex stereotypes and/or in retaliation for opposing unlawful discrimination, constituted violations of the PHRA.

32.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Karout sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

33.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Karout suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT III**
**(Title VII- Race Discrimination, Sex Discrimination, Retaliation)**
**Plaintiff Karout v. the Defendant**

34.     Plaintiff Karout incorporates by reference paragraphs 1 through 33 of her Complaint as though fully set forth at length herein.

35.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Karout to discrimination because of her race (African-American), sex and/or sexual orientation and/or failure to conform to sex stereotypes and/or in retaliation for opposing unlawful discrimination, constituted violations of Title VII.

36.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Karout sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

37.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of Title VII, Plaintiff Karout suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

38.     Plaintiff Karout incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39.     **WHEREFORE**, Plaintiff Karout respectfully requests that this Court enter judgment in her favor against the Defendant, and order that:

a.      Defendant compensate Plaintiff Karout for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.      Defendant compensate Plaintiff Karout with an award of front pay, if appropriate;

c.      Defendant pay to Plaintiff Karout punitive damages, compensatory damages for future pecuniary losses, pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

d.      Defendant pay to Plaintiff Karout pre-judgment and post-judgment interest, cost of suit, and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as it deemed just and proper.

## JURY DEMAND

Plaintiff Karout demands a trial by jury.

**SIDNEY L. GOLD & ASSOCIATES, P.C.**

By:      /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED:   October 7, 2021

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: 10/5/2021

_Jamile Karout_
JAMILE KAROUT, PLAINTIFF