**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMILE KAROUT,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLICIS HEALTH MEDIA, LLC<br><br>Defendant. | CIVIL ACTION NO.: 21-4417 |

**DISCOVERY CONFIDENTIALITY AGREEMENT AND ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is hereby stipulated and agreed by and between counsel for Plaintiff Jamile Karout ("Plaintiff") and Defendant Publicis Health Media ("Defendant") as follows:

1. Any party to this litigation shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Agreement and Order (the "Agreement and Order") any information, document, or thing, or portion of any document or thing containing: (a) trade secrets; competitively sensitive technical, marketing, financial, sales or other confidential business information; proprietary contracts; client information; submissions of information to regulatory agencies that are designated confidential or for which confidential treatment has been requested; proprietary policies and procedures; proprietary business planning documents pertaining to Defendant or Defendant's clients; proprietary business strategies and marketing plans pertaining to Defendant or Defendant's clients; (b) private or confidential personal information, (c) information received in confidence from third parties, or (d) information the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation covered by this Agreement and Order that

produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: “CONFIDENTIAL” or “CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER” (hereinafter “Confidential”).

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties’ outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. The jury at any trial of this matter;

f. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in

      depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

h. The parties. In the case of parties that are corporations or other business entities, “party” shall mean executives, officers and/or managers who are required to participate in decisions with reference to this lawsuit.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (g) and (h) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (g) and (h) above and the deponent during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party objecting to the designation shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. If a party believes documents or information to be produced warrant protection beyond a Confidential designation (i.e., “Attorneys’ Eyes Only”), that party shall have the right to apply to the Court for the imposition of such heightened protection.

8. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.1.5. In lieu of seeking to file confidential documents under seal, prior to filing any Motions or other documents with the Court which seek to attach any confidential material, the parties shall first confer and attempt to redact as much confidential information as possible before filing.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement and Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Agreement and Order.

12. This Agreement and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement and Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. This Agreement and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. Within ninety (90) days after receiving notice of the entry of an order, judgment, or decree terminating this litigation, all persons having received Confidential material must either make a good-faith effort to either return such material and all copies thereof to the person that produced it, or destroy all such Confidential material and certify that fact in writing to that person. Provided, however, that counsel may retain complete copies of all transcripts, expert reports, and pleadings and other court-filed documents including any exhibits attached thereto for archival purposes, as well as all documents and things containing or reflecting attorney work product, subject to the provisions of this Agreement and Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

So stipulated and agreed by and between the undersigned, who agree to be bound by this Discovery Confidentiality Agreement and Order whether or not the same is "So Ordered" by the Court:

| **SIDNEY L. GOLD & ASSOCIATES P.C.** | **JACKSON LEWIS P.C.** |
| --- | --- |
| Attorneys for Plaintiff | Attorneys for Defendants |

By: Neelima Vanguri
Neelima Vanguri, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103

Dated: March 4, 2022

By: /s/ Stephanie J. Peet
Stephanie J. Peet, Esq.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102

Dated: March 4, 2022

**SO ORDERED:**

This 7th day of March, 2022

/s/*Chad F. Kenney*
Chad F. Kenney, U.S.D.J.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMILE KAROUT,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLICIS HEALTH MEDIA, LLC<br><br>Defendant. | CIVIL ACTION NO.: 21-4417 |

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY AGREEMENT**

I, ________________________________________ being duly sworn, state that:

1. My address is ______________________________________________.

2. My present employer is ________________________________ and the address of my present employment is ______________________________________________.

3. My present occupation or job description is ________________________________.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Agreement in this case signed by the Court, and I will comply with all of its terms.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Agreement any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________
Name